DECISION ENTRY
{¶ 1} Defendant-appellant Curtis Barber appeals from his conviction and sentence for one count each of Aggravated Robbery, Felonious Assault, Aggravated Burglary, Kidnapping, Disrupting Public Services, and three counts of Attempted Murder. The conviction and sentence stem from an incident in which Barber broke into a house, attacked the victim by punching her in the face, took money from her, and then tied her to a chair and repeatedly hit her on the head with a hammer before leaving her for dead. During a jury trial, Barber introduced an alibi witness to support his claim that he did not commit the crimes. Following the trial, the trial court merged the three counts of Attempted Murder with the count of Kidnapping, and sentenced Barber to consecutive and maximum sentences on all counts, for an aggregate sentence of forty-one and one-half years.
 {¶ 2} Barber's appointed appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, concluding that there are no potential assignments of error having arguable merit. By entry, Barber was advised of the fact that an Anders brief had been filed on his behalf, and was given sixty days within which to file his own, pro se brief in support of his appeal. Barber has filed a pro se brief, which contains the following two Assignments of Error:
 {¶ 3} "Defendant-Appellant was unfairly denied to bring to the Jury that the victim had provided the name Charles Burgess to Officers."
 {¶ 4} "Defendant-Appellant was denied his constitutional right to due process and a fair trial when prosecution bring in Post-Arrest silence and failure to testify."
 {¶ 5} In his First Assignment of Error, Barber contends that the jury should have been informed that the victim identified a man whose name was Charles Burgess as her assailant. Specifically, he contends that trial counsel should have been permitted to ask the investigating detective whether the victim had identified Charles Burgess, rather than appellant, as her attacker.
 {¶ 6} The record provides no support to this argument. First, there is no evidence in the record to support a finding that the victim named anyone other than Barber as her assailant. Therefore, this claim cannot succeed in a direct appeal, which is limited by the record. If Barber has evidence to support this claim, he must raise it in a petition for post-conviction relief.
 {¶ 7} Furthermore, it is clear that by asking this question, Barber attempted to impeach the victim's testimony identifying Barber as her assailant, by means of the officer's testimony of what the victim stated to him. This constitutes extrinsic evidence of a prior inconsistent statement, and is not admissible unless the testifying[1]
witness being impeached, in this case the victim, is afforded an opportunity to explain the inconsistency. Evid.R. 613(B)(1). The record shows that Barber did not question the victim regarding any prior inconsistent statement to the investigating police officer. Barber does not contend that the victim's out-of-court statement would have been admissible under some other exception to the rules governing hearsay evidence.
 {¶ 8} We conclude that the claim set forth in Barber's First Assignment of Error has no arguable merit.
 {¶ 9} In his Second Assignment of Error, Barber contends that the prosecutor unfairly commented on his failure to testify at trial. Specifically, during his closing argument, the prosecutor stated that no one knew with any detail what Barber was doing at the time of the crime "* * * because the one person who can tell us didn't." Barber contends that this statement implied that he should have testified, thereby improperly infringing upon his constitutional right not to testify.
 {¶ 10} From our reading of the entire passage, we conclude that the prosecutor was not commenting upon Barber's not having testified. The prosecutor's statement was intended to highlight flaws in the testimony of the alibi witness. That witness had given explicit details of the evening up to the time of the crime, after which point her testimony became vague and generalized — she merely indicated that Barber had been watching television at that time. The essence of the statement was that the jury did not know what Barber was doing at that point because the alibi witness, the "one person who can tell us," did not provide the same level of explicit detail concerning the time period in which the crime was committed.
 {¶ 11} Moreover, it is also clear that defense counsel objected to this statement, that the trial court struck the statement and properly admonished the jury, and that the prosecutor then made it clear to the jury that he had been referring in this statement to the alibi witness, not to Barber. We conclude that Barber's Second Assignment of Error has no arguable merit.
 {¶ 12} Finally, pursuant to Anders, supra, we have performed our independent duty to review the record. We have reviewed the entire record, including a pre-sentence investigation report that was consulted by the trial court before imposing sentence. We have found no plausible claims of error. The pre-sentence investigation report includes a recitation of three prior misdemeanor offenses, three prior felony offenses, an unrelated 2001 felony Robbery conviction, a victim impact statement reciting that the victim's life has been "destroyed" and that she is now dependent on others, a recitation of three "more serious" seriousness factors (with no "less serious" factors), a recitation of three "recidivism likely" recidivism factors (with no "recidivism unlikely" factors), and a recommendation for "lengthy incarceration." The record is also replete with evidence that the victim suffered severe debilitating and permanent injuries.
 {¶ 13} We find no claim of error having arguable merit with respect to either the conviction or sentence. Because we conclude that this appeal is wholly frivolous, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.
[1] The rule that a witness must be afforded the opportunity to explain a prior inconsistent statement does not apply to the impeachment of a hearsay statement. Evid. R. 806(B).